# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE MALONE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) NO. CIV-17-0527-HE |
| | ) |
| THE CITY OF WYNNEWOOD, | ) |
| OKLAHOMA, a Municipal | ) |
| Corporation, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs filed this case in state court against the City of Wynnewood and Joshua Franklin, a Wynnewood police officer. The claims included federal claims brought pursuant to 42 U.S.C. § 1983 and the case was removed to this court on that basis. Following removal, defendants sought dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The court granted defendants' motion, with plaintiffs granted leave to amend so that the complaint could be restated to comply with federal pleading standards. Plaintiff later filed an amended complaint (the "complaint" hereafter). Defendants have again moved to dismiss, contending that the complaint fails to state a claim as to most plaintiffs and claims.

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The plaintiffs are five adults and eight minor children, all related to each other. According to the complaint, they had gathered at a home in Wynnewood, Oklahoma, for a birthday party. The plaintiffs were allegedly inside the house when defendant Franklin approached the home and shot the family dog, Opie, from outside the fenced yard. The family heard the gunshot and came outside. The complaint alleges that Officer Franklin then entered the yard—in spite of a "No Trespassing" sign—as the family came out of the home. A second shot was fired, apparently by Franklin, to kill the dog. Plaintiffs filed tort claims with the City of Wynnewood and later filed this suit against the City and Officer Franklin. Plaintiffs assert federal claims pursuant to 42 U.S.C. § 1983 and state claims under Oklahoma law.

## Discussion

**1. Federal claims.**

The complaint is not a model of clarity as to exactly what federal claims are being asserted and against which defendants. However, plaintiffs' response brief appears to clarify that they are not asserting a Fourth Amendment <u>excessive force</u> claim against anyone. Further, the response also makes reasonably clear that plaintiffs are not asserting any federal claim against the City of Wynnewood.[1] The § 1983 claims are asserted only

---

[1] *The complaint includes a wholly conclusory reference to Franklin's actions being "under color and pretense of the statutes, ordinances, regulations, customs and usages, policies and procedures" of Oklahoma and the City of Wynnewood. [Doc. #15] at ¶ 16. Such a reference would not be sufficient to state a basis for municipal liability on the federal claims even if that was plaintiffs' intention.*

against defendant Franklin, the police officer. The claims are based on the Fourth Amendment, one for unreasonable search and one for unreasonable seizure.

Defendants' brief appears to concede that a federal claim for unreasonable seizure is stated in favor of at least some of the plaintiffs. As defendants properly acknowledge, the killing of a pet dog can constitute a "seizure" for Fourth Amendment purposes and is a violation of the owner's rights absent a warrant or some applicable exception to the warrant requirement. Mayfield v. Bethards, 826 F.3d 1252, 1256 (10th Cir. 2016). Here, the complaint alleges facts sufficient to state such a claim.

But a claim in favor of whom? As Mayfield noted, the killing of a pet dog is a potential violation of "the owner's Fourth Amendment rights." *Id.* Here, the seizure claim is asserted by all thirteen plaintiffs, but defendants challenge whether a basis for ownership of the dog is alleged as to each of them. The complaint alleges that the dog was "owned jointly" by all thirteen plaintiffs, including eight minor children living in two separate households [Doc. #15] at ¶ 6. Such an allegation, though unusual, would ordinarily end the "ownership" issue for purposes of pleading sufficiency. However, as defendant correctly points out, the complaint also explicitly adopts by reference the notices of tort claim that plaintiffs previously filed with the City of Wynnewood [Doc. #15] at ¶ 11.[2] Those notices all explicitly identified the owners of the dog, and did not identify all thirteen plaintiffs.

---

[2] *The complaint explicitly incorporated the notices, but they were not attached to the complaint. They were also not attached to any of the briefs submitted in connection with this motion. They were, however, attached to the prior motion to dismiss filed several months ago and were eventually located by the court. There appears to be no dispute as to their authenticity.*

3

In appropriate circumstances, where a complaint references extrinsic documents which contradict other general allegations in the complaint, a court is not obliged to accept the contradicted allegations as true. Rather, in a proper case, the "document's facts or allegations trump those in the complaint." *See* Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n, 771 F.3d 1230, 1238 (10th Cir. 2014) (quoting Flannery v. Recording Indus. Ass'n, 354 F.3d 632, 638 (7th Cir. 2004)); *see also* Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013). Here, there is a direct contradiction between the tort claims and the allegations in the complaint. The four notices all make explicitly clear that the dog was the property of plaintiff Vickie Malone and her children, and perhaps of Teddy Cheek, not all thirteen plaintiffs.[3] Each of the tort claims were sworn statements, notarized and under oath. Further, the notices were explicitly incorporated into the complaint. In these circumstances, the court concludes the tort claims, rather than the more general allegations of ownership in the complaint, must be taken as true.[4] Only plaintiffs Vickie Malone, her minor children, E.C. and N.C., and Teddy Cheek have stated plausible claims based on ownership of the dog. The Fourth Amendment seizure claims will therefore be dismissed as to all plaintiffs other than those just indicated.

---

[3] *The claim of Rio and Ashley Youngblood references the killing of the "family pet of [t]he property owner, VICKIE MALONE, and HER minor children . . . ." [Doc. #10-1]. Similar language appears in the claim of Krystal Malone. [Doc. #10-2]. The claim of Vickie Malone references the "family pet of [t]he PlaiNtiff [sic] and minor children." [Doc. #10-3]. The claim of Teddy Cheek, the spouse of Vickie Malone, is similar, and is susceptible to the interpretation that he viewed himself as being one of the owners of the dog. [Doc. #10-4].*

[4] *Flannery, cited in Gorsuch, notes that the referenced doctrine must be applied with caution, only where there is a clear contradiction between the complaint and the referenced documents, and in circumstances suggesting something akin to the use of a sham affidavit in the summary judgment context. 354 F.3d at 638. That is the circumstance here.*

The Fourth Amendment search claims will also be dismissed. Plaintiffs claim that Officer Franklin conducted an unreasonable search by entering the fenced yard after shooting their dog. Officer Franklin raises the defense of qualified immunity, arguing primarily that he did not violate plaintiffs' rights, as he had an implied license to enter the yard.

As a threshold matter, it is doubtful that the complaint alleges anything as to Officer Franklin that would constitute a "search" within the meaning of the Fourth Amendment. The essence of a "search" is the intrusion of the government into or onto a protected area for the purpose of obtaining information. *See* United States v. Jones, 565 U.S. 400, 404, 406 & n.3 (2012). There is nothing in the complaint to suggest that Officer Jones was in the yard seeking information. Rather, the complaint alleges only that he entered the yard with his gun, presumably to put the wounded dog out of its misery. Whether that act violated the Fourth Amendment is the question raised by the "seizure" claim, rather than by a separate "search" claim.

Further, even if it be assumed that a search was somehow involved, the complaint does not allege a basis for concluding an unreasonable search occurred. It is clear, as defendants concede, that the Fourth Amendment protects against unreasonable searches both of a person's home and of the curtilage—here, the yard—of the home. Florida v. Jardines, 133 S. Ct. 1409, 1414-15 (2013) (the curtilage—"the area immediately surrounding and associated with the home"—is considered part of the home for Fourth Amendment purposes). However, an implicit license exists that permits visitors "to approach the home by the front path, knock promptly, wait briefly to be received, and then

(absent invitation to linger longer) leave." *Id*. at 1414-16. This implied license exists even in the face of signage prohibiting trespassing. *See* United States v. Carloss, 818 F.3d 988, 994-95 (10th Cir. 2016).

Here, the complaint alleges nothing to suggest that Officer Franklin's conduct, if he actually was seeking information of some sort, was outside the scope of the implied license. So far as appears from the complaint's allegations, Franklin entered the yard, dealt with the dog, and left. That conduct appears, in its entirety, to be within the scope of the implied license.

In any event, the court concludes the complaint does not state a claim for an unreasonable search under the Fourth Amendment. Only a Fourth Amendment seizure claim is stated, as indicated above.

### 2. **State claims.**

Plaintiffs assert state law claims for trespass,[5] destruction of personal property, and assault against the City of Wynnewood. Further, to the extent Officer Franklin acted outside the scope of his employment, the claims are asserted against him as well.

Defendants challenge the trespass claim (i.e. the claim based on entry into the yard) on the basis that only some of the plaintiffs are in a position to assert it and that, in any event, the City of Wynnewood is not liable for Officer Franklin's entry onto the property

---

[5] *It is unclear whether plaintiffs' references to "unlawful entry" are intended to state an additional claim, or if they are just referring to the trespass claim by a different name. In any event, there appears to be only a single claim here, for trespass, based on the officer's entry into the yard. See* Craig v. City of Hobart, *No. CIV-09-0053-C, 2010 WL 680857 at \*3 n.6 (W.D. Okla. Feb. 24, 2010).*

due to the terms of the Oklahoma Governmental Tort Claims Act ("GTCA"). They challenge the destruction of personal property claim (i.e. the claim based on the killing of the dog) only on the basis that it is available only to those plaintiffs who plausibly allege an ownership interest in the dog, and some of the plaintiffs do not. They argue the assault claim fails because the complaint does not allege any basis for concluding that Officer Franklin's conduct was intended to put the plaintiffs in fear of offensive contact with them.

With respect to the trespass claims, it is unclear how much dispute there actually is between the parties' positions. Defendants argue that only some of the plaintiffs can properly assert a trespass claim—those with a possessory interest in the premises where the event occurred—and that the claims of the other non-owner plaintiffs must be dismissed. Plaintiffs appear to agree with that, though that is not clear from its somewhat ragged response. The complaint itself is somewhat clearer and appears to assert the trespass claim only in favor of those persons who actually resided on the premises [Doc. #15] at ¶ 10. In any event, the court concludes that no trespass claim is stated in favor of plaintiffs Rio and Ashton Youngblood and their children.

Beyond that, defendants assert that the City is not liable on the trespass claim because it is protected from liability by the Oklahoma Governmental Tort Claims Act ("GTCA") and its exemption from liability for claims resulting from "entry upon any property where that entry is expressly or implied authorized by law." 51 OKLA. STAT. § 155(9). Defendants argue that the implied license recognized by Florida v. Jardines, *supra* p. 5, supplies the necessary authorization. However, Jardines was directed to claims arising under the federal constitution and did not purport to address state law tort claims. Defenses

or limitations applicable in § 1983 cases do not automatically apply to similar claims under state law. *See* Rieck v. Jensen, 651 F.3d 1188, 1191 (10th Cir. 2011) ("the Supreme Court has made it clear that the Fourth Amendment does not track property law."). So while the implicit license recognized by Jardines will sometimes shield a police officer from liability under the Fourth Amendment, it does not automatically translate into protection from the claims asserted here based on Oklahoma law. It may well be that Oklahoma state law provides some similar license or authorization for a police officer to enter onto a premises in circumstances such as are alleged here. But defendants have not identified any such authorization grounded in state law and the court declines to simply assume one exists. The court therefore cannot conclude, on the present record, that the claims of the plaintiffs residing on the property are barred by the GTCA.

The motion to dismiss the trespass claims will be denied with respect to the claims asserted by plaintiff's Vickie Malone, Teddie Cheek, E. C., N.C., Krystal Malone, C.N., W. N. 1, R.N. and W.N.2.[6] Those claims against the City of Wynnewood and against Officer Franklin (to the extent he acted outside the scope of his employment) remain for resolution. The motion will be granted as to the other plaintiffs.

The destruction of personal property claim is directed to the killing of the dog. Defendants do not challenge the availability of such a claim, but argue that only those

---

*[6] The court has considerable doubt whether any of the minors will be able to show a possessory right in the premises such that they can maintain a trespass claim. No doubt their presence there was permitted and authorized, but that is not the same thing as a right to possession such as the actual owner or lessee of the premises would have. However, that issue is not raised by the current motion.*

8

plaintiffs who have an ownership interest in the dog can assert them. Defendants' argument is persuasive. An ownership interest in personal property is essential to any claim for damage or destruction of it. *See* White v. Webber-Workman Co., 591 P.2d 348, 350 (Okla. 1979) ("one seeking damages for conversion must plead and prove . . . he owns or has a right to possess the property in question."). As discussed above, the tort claims clearly identify only Vickie Malone, Teddie Cheek, and their minor children as owners of the dog, and the broader conclusory allegations of ownership by all plaintiffs must be disregarded in this context. As a result, only plaintiffs Vickie Malone, Teddie Cheek, E.C., and N.C. plausibly allege a basis for their ownership of the dog, which is necessary to any claim for destruction of personal property. The motion to dismiss will be denied as to those plaintiffs, but granted as to all the others.

With respect to the assault claims, defendants argue the complaint does not include factual allegations, as opposed to conclusory allegations, sufficient to state such claims. In particular, they argue there is no basis alleged for a conclusion that Officer Franklin intended to cause fear or apprehension in plaintiffs when he shot the dog or entered the yard. Plaintiffs appear to argue that it is sufficient if the factual allegations suggest a basis for concluding that Franklin's actions did, in fact, cause them fear or apprehension.

Oklahoma defines assault consistent with the RESTATEMENT (SECOND) OF TORTS § 21, which provides that a party commits an assault if:

> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

9

(b) the other is thereby put in such imminent apprehension.

See Brown v. Ford, 905 P.2d 223, 229 n.34 (Okla. 1995) (overruled on other grounds). Here, the complaint alleges a basis for the second element. It plausibly alleges that plaintiffs were fearful and apprehensive when they came out of the house, saw the dog's condition, and learned that the officer had shot him. But the first element is the problem: does the complaint alleged a basis for concluding that Officer Franklin <u>intended</u> to cause harmful contact to the plaintiffs or imminent apprehension by them of such contact? The complaint obviously alleges a basis for concluding that Franklin intended to harm the dog, but the question is whether there is a basis pleaded for concluding he intended to harm the <u>plaintiffs</u> or to put them in fear of such harm. The court concludes there is not. There is no allegation, even a conclusory one, that Franklin intended to scare or intimidate the plaintiffs. The factual allegations suggest the plaintiffs were in the house at the time of the shooting. There is no basis pleaded for assuming that Franklin even knew plaintiffs were in the house, much less that he intended to intimidate them. The court concludes the complaint fails to state facts sufficient to make out plausible claims for assault.

## Conclusion

Defendants' motion to dismiss [Doc. #16] is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** as to the claims of Vickie Malone, Teddie Cheek, E.C., and N.C. for wrongful seizure under the Fourth Amendment (against Franklin) and

for destruction of personal property (against both defendants) under state law.[7] The motion is also **DENIED** as to the claims of those plaintiffs, plus those of Krystal Malone, C.N., W.N.1, R.N., and W.N.2, for trespass (against both defendants). As to all other parties and claims, the motion is **GRANTED** and those claims are dismissed.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[7] *As indicated above, Officer Franklin is liable on the state law claims only to the extent he acted outside his scope of employment in committing the acts upon which the claims are based, i.e. the "Third Cause of Action" in the complaint.*